IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

LARRY P. KRITZ

        Plaintiff,

    v.                               No.

A&E CONSTRUCTION, CO.           JURY TRIAL DEMANDED

        Defendant.

## COMPLAINT

    Plaintiff Larry P. Kritz files this Complaint against Defendant A&E Construction, Co. and in support thereof avers as follows:

### JURISDICTION AND VENUE

    1.    The jurisdiction of this Court is based upon 28 U. S. C. §1331, in that this Court has original jurisdiction over Count I, which is based upon a law of the United States of America, the Family and Medical Leave Act ("FMLA"), 29 U. S. C. §2601.

    2.    Plaintiff requests a trial by jury of the claims raised herein.

    3.    Venue is appropriate in this Court pursuant to 28 U. S. C. §1392(b) in that Defendant has ongoing business operations in this District and the events giving rise to the claim occurred in this District.

    4.    The amount in controversy exceeds $150,000.00, exclusive of interest and costs.

    5.    Plaintiff has timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), Charge no. 530-2018-00066C, on October 4, 2017, which has been dual filed with the Pennsylvania Human Relations Commission ("PHRC"), Complaint no. unknown.

6.      Plaintiff intends to amend this Complaint and assert causes of action for disability discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. §12101 et. seq., as amended by the ADA Amendments Act of 2008 ("ADA"); and disability discrimination and retaliation under the Pennsylvania Human Relations Act, 43 P. S. §955(a), et. seq., ("PHRA"), upon receipt of applicable authority from the EEOC and PHRC.

## PARTIES

7.      Plaintiff Larry P. Kritz ("Kritz") is an adult male who resides at 511 Overlook Drive, Warminster PA 18974.

8.      Defendant A&E Construction, Co. ("A&E") is a Pennsylvania corporation, that operates a principle place of business at 152 Garrett Road, Upper Darby, PA 19082.

9.      At all times relevant hereto, Defendant A&E was acting through its agents, servants and employees, who were acting within the scope of their authority, in the course of their employment, and under the direct control of A&E.

10.      Defendant A&E is engaged in commerce, or in an industry or activity affecting commerce.

11.      Defendant A&E has employed 50 or more employees within a 75-mile radius of Upper Darby, PA for each working day during each of 20 or more calendar workweeks in the years, 2015 to present.

## FACTUAL BACKGROUND

12.      Plaintiff Kritz is a 57-year-old male.

13.      In November 2015, Kritz commenced employment with Defendant A&E as Controller.

14.     Defendant A&E paid Plaintiff Kritz an annual salary of $110,000.00, a $15,000.00 annual bonus, a $600.00 per month vehicle allowance and employment benefits, including health insurance for Kritz and his wife, for which A&E payed 65% of the cost, and a 401-K retirement plan, for which A&E provided a 4% match.

15.     During Kritz's employment he received favorable reviews of his work performance.

16.     Defendant A&E is a general contractor and construction management company with its headquarters in Upper Darby, PA, and a branch office in Lindenwold, NJ.

17.     Defendant A&E has over 70 full-time employees.

18.     Plaintiff Kritz has polycystic kidney disease.

19.     In March 2017, Plaintiff Kritz advised the owners of A&E, Bill Santora, Sr., Chief Executive Officer, and Tony Santora, President, that he had an ongoing kidney problem, and that he was going to require a kidney transplant from his brother-in-law.

20.     Plaintiff Kritz initially advised A&E that it was projected that the kidney transplant operation would take place on May 23, 2017.

21.     Plaintiff Kritz's transplant operation was eventually delayed until June 8, 2017.

22.     Plaintiff Kritz had to take a leave from work from A&E beginning May 30, 2017.

23.     At no point in time before, during, or after Plaintiff Kritz's leave of absence did A&E provide Kritz with Notice of his Rights under the FMLA.

23.     At no point in time before, during, or after Kritz's leave of absence did A&E provide Kritz with any FMLA leave paperwork of any kind.

24.     Even though Defendant A&E knew that the polycystic kidney disease requiring Plaintiff Kritz 's medical leave constituted a serious health condition under the FMLA, Defendant never informed Kritz of his FMLA rights.

25.     Throughout Plaintiff Kritz's leave, he kept Marianne Calabrese, Defendant A&E's Vice President of Administration, informed of his medical status.

26.     During Plaintiff Kritz's leave he was asked to perform certain work such as responding to numerous questions regarding the status of certain reports and financial reporting issues.

27.     Beginning July 10, 2017, Plaintiff Kritz first formally returned to his job at A&E by working from his home.

28.     As of August 7, 2017, Plaintiff Kritz commenced a split daily work schedule in which he worked four hours from home and four hours at A&E's Upper Darby office.

29.     Following Plaintiff Kritz's return to work, there were occasions when Kritz had to take off from work for follow-up appointments with his treating physicians regarding the kidney transplant.

30.     On August 24, 2017, Plaintiff Kritz was called into a meeting with Chief Executive Officer Bill Santora and President Tony Santora, and advised that his employment was terminated effective immediately because the Controller position was being dissolved.

31.     Plaintiff Kritz was advised that A&E was going in another direction, that his position was no longer necessary and the company did not want to offer him any other position.

32.     On August 21, 2017, three days before Plaintiff Kritz was terminated, Defendant A&E hired Edward McKeever ("McKeever") who was given the title, Chief Operating Officer, Chief Financial Officer.

33.    McKeever was hired to replace Plaintiff Kritz and assume all of his Kritz's duties as Controller.

34.    McKeever was previously employed by A&E during the period February 2015 through October 2015.

35.    In October 2015, when McKeever left A&E, Plaintiff Kritz was hired as McKeever's replacement.

36.    Plaintiff Kritz is capable of performing all duties which McKeever performs for A&E.

37.    When Plaintiff Kritz was terminated he was advised that he had to report to work on August 25, 2017 and brief A&E and McKeever on the status of his work.

38.    Defendant A&E's actions violate Plaintiff Kritz's rights under the FMLA in that it denied Kritz's right to return to the same or a similar position at the same pay, and also retaliated against Kritz for taking a leave from work.

39.    In terminating Plaintiff Kritz's employment, Defendant A&E has discriminated and retaliated against Kritz based upon its perceptions concerning his health, his ability to work despite his illness, and the impact that his medical condition would have on A&E's health insurance coverage costs. A&E's action were taken based upon the fact that Kritz has a disability; it regarded Kritz as disabled and it failed to provide a reasonable accommodation.

40.    Defendant A&E has not proffered a legitimate reason for the termination of Plaintiff Kritz's employment. Even if a reason is provided, said reason would be pretextual in that Defendant had discriminatory motives based upon Kritz's health, a perception that Kritz is permanently disabled, Kritz's prior need for leave from work, and in retaliation for Kritz taking leave that should have been designated as FMLA protected leave.

5

41.     Plaintiff Kritz has incurred substantial damages as a consequence of Defendant A&E's conduct including lost wages and emotional distress.

42.     Defendant A&E's actions were willful and outrageous in that its motives and conduct as set forth above were malicious, wanton, reckless and oppressive.

## COUNT I

### VIOLATION OF FAMILY AND MEDICAL LEAVE ACT, 29 U. S. C. § 2601, et. seq.

43.     Paragraphs 1 to 42 are incorporated herein as if set forth in full.

44     Plaintiff Kritz is an eligible employee under the FMLA in that just prior to his leave from work; Kritz was continuously employed for more than twelve months and had at least 1,250 hours of service during the past twelve months.

45     At all times during and after Plaintiff Kritz's employment Defendant A&E was/is an Employer subject to the FMLA in that it engages in commerce or in any industry or activity affecting commerce, and has employed 50 or more employees within a 75-mile radius of Upper Darby, PA for each working day during each of 20 or more calendar workweeks in the calendar years 2015 to present.

46.     Plaintiff Kritz experienced a "serious health condition" as defined by the FMLA that required him to be unable to work for a period of time for which he was qualified for FMLA leave.

47.     Plaintiff Kritz was entitled to a minimum of twelve workweeks of leave under the FMLA during any rolling twelve-month period.

48.     Defendant A&E initially interfered with Plaintiff Kritz's FMLA rights by not informing him of his FMLA rights.

49.    Defendant A&E further interfered with Plaintiff Kritz's FMLA rights by not permanently returning Kritz to the same or a similar position at the same pay when he was able to return from FMLA protected leave.

50.    Defendant A&E retaliated against Plaintiff Kritz by terminating Kritz's employment in violation of the FMLA.

51..   Defendant A&E's actions with respect to Plaintiff Kritz constitute willful violations of the FMLA.

52.    Plaintiff Kritz has sustained substantial damages as a result of Defendant A&E's actions.

WHEREFORE, Plaintiff Larry P. Kritz requests that this Court enter judgment in his favor and against Defendant A&E Construction, Co., and that this Court award Plaintiff all damages available under the Family and Medical Leave Act, including monetary damages equal to the amount of wages, employment benefits, and any other actual monetary losses sustained, interest, liquidated damages, equitable relief in the form of reinstatement, reasonable attorneys' fees, reasonable expert witness fees, interest, costs, and any other relief which the Court deems appropriate.

Andrew S. Abramson, Esq.
Abramson Employment Law, LLC
790 Penllyn Blue Bell Pike
Suite 205
Blue Bell, PA 19422
telephone: 267-470-4742
email:  asa@aemploylaw.com

Attorney for Plaintiff Larry P. Kritz

Dated: December 7, 2017